**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **06-CR-87S**

**VALENTINO SHINE,**

**Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Valentino Shine ("the defendant"), is charged in a multi-count indictment with having violated Title 21 U.S.C. § 841(a)(1) (Counts 1 and 2) and §§ 841(a)(1) and 841(b)(1)(B) (Count 3). (Docket #18). He has filed an omnibus discovery motion wherein he seeks: (1) an audibility hearing; (2) "disclosure of the identities of all government informants;" (3) "discovery and/or production of items" pursuant to Rule 16, Fed. R. Crim. P.; (4) "production of Brady material;" (5) "disclosure of evidence pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence;" (6) "disclosure of witness statements;" (7) "preservation of rough notes and other evidence;" (8) "pre-trial production of government summaries;" (9) "disclosure of grand

jury transcripts;" (10) permission to file "other motions." (Docket #30). The defendant also seeks orders allowing defense counsel to actively participate in *voir dire* and to "*voir dire* government experts outside the presence of the jury." (Docket #30).

The government has filed its response to these requests of the defendant. (Docket #31).

Each one of the defendant's requests will be separately addressed herein.

## DISCUSSION AND ANALYSIS

### 1. Defendant's Request For An Audibility Hearing:

The government advises that it "intends to offer at trial both audio and video recordings at trial" and asserts "that all the recordings are audible." (Docket #31, ¶ 4). Therefore, the defendant's motion in this regard is DENIED without prejudice with the right to reapply for such relief after the tapes in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court. As part of this process, counsel for the government is hereby directed to identify those tapes that the government plans on using at the trial of the defendant and to have transcripts of those tape recordings prepared. Once such transcripts have been prepared, counsel for the government shall supply copies of the designated tapes and respective transcripts to counsel for the defendant. Counsel for the defendant is hereby directed to review the aforesaid tapes and transcripts after receipt of same, and upon

completion of such review, make known to counsel for the government those portions of the aforesaid tapes and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed. Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes in question and the correctness of the transcripts of such tapes. Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

**2. Disclosure Of All Government Informants:**

The defendant seeks the "disclosure of the names, addresses and criminal records of all informants utilized by the government in the investigation of this case." In addition, the defendant seeks "all evidence affecting the issue of bias and credibility." (Docket #30, p. 5).

In response, the government states that "in keeping with the local rules of this district, the government will provide the defendant with the names of potential witness (sic) in their (sic) memorandum to the court." (Docket #31, ¶ 7).

The defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of

Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988) is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* *See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics

> transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

**3. Defendant's Request For Production Of Rule 16, Fed. R. Crim. P. Materials:**

The defendant requests "discovery of all items or information to which the defendant is entitled" pursuant to Rule 16, Fed. R. Crim. P. (Docket #30, p. 7).

The government states that it has "provided counsel for the defendant with extensive amount of pre-trial discovery" and "that the defendant has been provided with all the information he is entitled to at this stage of the proceedings. Nevertheless, the government realizes its continuing duty of disclosure . . . ." (Docket #31, ¶ 8).

As a result of the representations made by counsel for the government, the defendant's request is DENIED on the basis that it is moot.

**4. Defendant's Request For Production Of Brady Material:**

In responding to this demand of the defendant, the government advises that it "has turned over to the defendant any and all information they (sic) possess, which may be construed as Brady information." (Docket #31, ¶ 11). Further, counsel for the government advises that the "government acknowledges its affirmative continuing duty to provide defendant with exculpatory evidence, under the authority of *Brady v. Maryland*, 373 U.S. 83 (1963), as well as evidence that the defense might use to impeach government's witnesses at trial." (Docket #31, pp. 5-6).

Based on this response by the government, the defendant's request is DENIED on the basis that it is moot.

**5. Disclosure Of Evidence Pursuant To Rules 404(b), 608 and 609 Of the F.R.E."**

The defendant "requests that the government notify the defendant of any evidence that the government contends would be admissible under Rule 404(b) of the Federal Rules of Evidence" and further "requests pretrial disclosure of any other evidence the government intends to use to impeach the defendant's credibility if he should choose to testify. In the event the government intends to use such evidence, the defendant requests a pretrial hearing to determine the admissibility of such

evidence." (Docket #30, p. 12).

In response, the government advises that it "intends to introduce at trial pursuant to Rule 404(b) all prior criminal conduct, acts or wrongs for the purpose of showing proof of the defendant's motive, opportunity, intent, preparation, plan, knowledge, identity and/or absence of mistake or accident . . . . The government further notes that it intends to use the criminal history of defendant to the extent permitted by Rule 609 of the Federal Rules of Evidence, to impeach defendant should he testify at trial." (Docket #31, ¶ 14).

Rule 404(b), F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." This has been done, and therefore, defendant's request on this issue is DENIED as being moot. The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) and 609 F.R.E. is best left to the determination of the trial judge at the time of trial.

Rule 608, F.R.E. does not contain a required pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence or its intent to use evidence at the trial pursuant to Rule 608 at this time. As a result, defendant's request in this regard is DENIED.

**6. Disclosure Of Witness Statements:**

The defendant "requests the Court to order the government to deliver to the defendant immediately, but in no event not later than four weeks prior to the date of the trial" statements of any kind, including "rough notes" and "any notes and memoranda made by government counsel during the interviewing of any witness intended to be called by the government in its direct case" as well as "all surveillance reports made or adopted by a witness." (Docket #30, p. 13).

The government represents that it "has previously provided to the defendant, pursuant to voluntary discovery, the sum and substance of the statements made by various witnesses with regard to this case, exclusive of grand jury testimony" and that it "will provide to the defendant all the material required to be provided pursuant to Title 18, United States Code, Section 3500, Jencks Act, at a time no later than two weeks prior to trial." (Docket #31, ¶ 15).

Since the government is not obligated to turn over statements or materials normally classified as "Jencks" material until after the witness has completed his direct testimony as provided in 18 U.S.C. § 3500 and Rule 26.2, Fed. F.Crim. P., the defendant's request is DENIED. *See also In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy, or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**7. Preservation Of Rough Notes And Other Evidence:**

The defendant seeks an order from this Court that would require the government "to retain and preserve all rough notes taken as part of [its] investigation whether or not the contents of the notes are incorporated in official records." The defendant also requests an order "requiring the government to preserve and protect from destruction, alteration, mutilation or dilution any and all evidence acquired in their (sic) investigation of the defendant." (Docket #30, p. 14).

It appears that the defendant is attempting to have all potential *Jencks* materials preserved. The express admonition of the Court of Appeals for the Second Circuit bears repeating in addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like. There simply is no longer any excuse for official ignorance regarding the mandate of the law. Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . . We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and

> also by the shielding of sound prosecutions from unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).

The government is hereby DIRECTED to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

The Court is not aware of any legal requirement that the government preserve "all evidence acquired in [its] investigation of the defendant" and therefore, this request is DENIED.

**8. Pre-Trial Production Of Government Summaries:**

The defendant requests "that the Court issue an order permitting him to inspect summaries the government intends to use at trial pursuant to Rule 1006 of the Federal Rules of Evidence, and the original books, records or documents that serve as the basis for any such summaries." (Docket #30, p. 15).

Rule 1006 of the Federal Rules of Evidence does not provide for production of such "summaries" within an express time period; nor do any of the Rules of Criminal Procedure create such a requirement. This is an issue that is best left for resolution by the trial judge to whom this case has been assigned, and it can be discussed at the appropriate pre-trial scheduling conference with said trial judge. Therefore, defendant's request is DENIED without prejudice.

**9. Disclosure Of Grand Jury Transcripts:**

The defendant has moved, pursuant to Rule 6(e)(3)(C)(I) of the Federal Rules of Criminal Procedure "for the disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted" the defendant. In support of this request, the defendant merely asserts that he "has a particularized need for the transcripts, in order to present a vigorous defense, which outweighs the grand jury policy of secrecy." (Docket #30, pp. 17-18).

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburg Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to his "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by him. It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. § 3500.

Therefore, the defendant's request is DENIED.

**10. Defendant's Request For Permission To File Additional Motions:**

The defendant requests permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or any information provided by the government in response to the defendant's demand." (Docket #30, p. 18). This request is GRANTED subject to the limitations as contained in the aforesaid quote.

**11. Defense Counsel's Request To Actively Participate In *Voir Dire* Of The Jury:**

Conducting *voir dire* of prospective jurors is a matter normally performed by the trial judge to whom the case has been assigned. However, the trial judge has discretion to allow participation in the *voir dire* process by counsel for the parties in a manner designated by said trial judge. Rule 24(a) Federal Rules of Criminal Procedure. Therefore, defendant's request is DENIED by this Court without prejudice, and it may be renewed by counsel before the trial judge.

**12. Defense Counsel's Request To Voir Dire Government Expert Witnesses Outside The Presence Of The Jury:**

The defendant requests an order pursuant to Rule 104 of the F.R.E. permitting him to "*voir dire* any proposed government experts at trial outside the presence of the jury." This motion is premature and is best left for determination by the trial judge and therefore, said motion is DENIED with the right of the defendant to make it *de novo* at the trial before the trial judge pursuant to Rule 104(a) F.R.E.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140

(1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

**S/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED: Buffalo, New York**
**March 13, 2007**